# Richmond.

## CONRAD v. EFFINGER

### November 6th, 1890.

1. VENDOR AND VENDEE.—*Eviction—Measure of Damages.*—Upon breach of warranty of title, the vendee is entitled to the amount of purchase-money paid by him with interest from eviction and costs. *Threlkeld* v. *Fitzhugh*, 2 Leigh, 451.

2. IDEM.—*Notice—Improvements—Case at bar.*—C. bought with notice of in-firmity of title, put improvements on the land, and sold it at increased price, and his vendee (H.) was evicted as to five-sixteenths: *held*, C. can recover from his vendor only five-sixteenths of the price he paid, but must pay his vendee, H., five-sixteenths of the price he received. *Effinger* v. *Hall*, 81 Va., 94.

3. IDEM.—*Attorney Fees.*—Where grantor employs competent counsel to de-fend title, grantee cannot recover from his counsel fees as well as the price of the land.

Argued at Staunton. Decided at Richmond.

Appeal from decree of circuit court of Rockingham county, rendered April 19th, 1889, in the chancery cause styled "*R. M. Hall and others* v. *M. H. Effinger's ex'or and others.*" The decree being adverse to William E. Conrad, purchaser of land sold under decree in said cause, he obtained an appeal and *super-sedeas*. Opinion states the case.

*E. S. Conrad*, for the appellant.

*W. B. Compton, G. G. Grattan*, and *Sipe & Harris*, for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Rockingham· county, rendered on the 19th day of April, 1889, and is a controversy between the parties in the suit of *Effinger* v. *Hall*, in the said court, which was considered in this court in 1885, and decided at the November term thereof of that year, and is reported in 81 Va., 94. By reference to that case, it will be seen that one James Hall, of Harrisonburg, Va., by will probated in March, 1835, devised certain real estate to his wife, for life, and, at her death, to be sold, and the proceeds divided as stated. The widow married, and she and her husband conveyed the life-estate to purchasers named in the record, and subsequently some of the parties entitled to the proceeds of the sale of the said lands, upon the execution of the will, after the termination of the life-estate, conveyed their interests; and the purchasers thus acquired eleven-sixteenths of the said proceeds. In 1850, the purchaser conveyed some fifteen acres, situated in the town of Harrisonburg, to the appellee's testator, M. H. Effinger, which were divided into town lots and built upon by subsequent purchasers, among them the appellant's intestate. The life-estate terminated in 1879 by the death of the wife of James Hall, who had become Mrs. Dondale. Whereupon, certain claimants under the will of James Hall, who had not parted with their interests in the proceeds of the sales of these lands devised by the will to be sold, filed their bill against Effinger and the various persons in possession of said land under deeds from Liggett, the purchaser of the other interests, asking that the will be construed, that the land be sold, and that the proceeds be distributed. In that suit, the circuit court decided that the complainants were entitled to five-sixteenths of the lands without compensating the defendants, for the improvements the latter had put upon them, and directed the lands to be sold. Upon appeal here by the defendants in that suit, the decree of the circuit court

was affirmed. The controversy on this appeal is as follows: The property about which this dispute is, which is a part of the above-mentioned lands of James Hall, deceased, was conveyed August 19th, 1862, by Smith, commissioner, to Wm. A. Conrad, in consideration of the sum of $3,300. On September 26th, 1862, Conrad conveyed to John T. Harris ,with general warranty. Under the decree of this court of November, 1885, above referred to, the property was sold to Harris at $4,500, on the 24th day of June, 1886. This sale was confirmed by the court, and the cause was referred to a commissioner, with instructions to ascertain the rights and liabilities among themselves of the defendants. The commissioner reported the right of recovery of those claiming under the warranty of Effinger, deceased, to be five-sixteenths of the purchase price paid said Effinger, with interest from the date of eviction and the costs incurred in defending the title. Concerning this rule as to the measure of damages, there appears to be no dispute. The statement of Judge Richardson in *Click* v. *Green*, 77 Va., 835, from *Threlkeld* v. *Fitzhugh*, 2 Leigh, 451, "that the purchaser, upon eviction in a case like this, is only entitled to the purchase price paid, with interest from the date of eviction and costs," is conceded on both sides. But the circuit court having confirmed the commissioner's report, the appellant appeals to this court, and assigns as error the decision of the court that there was, in the said suit of *Effinger* v. *Hall*, an eviction as to five-sixteenths only, of the property sold, claiming that there was a total eviction as to Harris, and that he (Conrad) was therefore entitled to recover of Effinger the whole amount of his purchase-money. There was a technical eviction of the whole property, but the value of eleven-sixteenths was not lost, but retained, and the actual loss was only five-sixteenths of the property, and to this the recovery is limited under the terms of the rule above stated. The commissioner fixed (and the court approved) the liability of Effinger to Conrad at five-sixteenths of the purchase price paid by him to Effinger at

date of eviction, and the liability of Conrad to Harris, his vendee, was fixed upon the same principle, but, as the lot was expensively improved when Harris purchased, having been built upon by Conrad, the price paid was $4,500, by Harris to Conrad, whereas Conrad bought the unimproved property at $1,874; the commissioner taking as his basis the purchase price stated in the deed in each case.

The appellant claims that he should be allowed a fee of $50 as an attorney's fee for defending the title Effinger sold, which should be paid by Effinger; but this claim the court disallowed upon the ground that, when called upon by Conrad to defend the title, he promptly employed and paid a competent attorney to do this, and should not, therefore, be required to pay any other attorney. The effect of the court's decision in this case is to apply the rule of compensation, as stated from *Click* v. *Green, supra,* to each of the purchasers, Conrad and Harris, Conrad being compensated upon the basis of five-sixteenths of $1,874, and Harris upon the basis of $4,500. Conrad claims that he should recover of Effinger all that Harris recovered of him, but, under the decision in *Hall* v. *Effinger, supra,* he was held to have purchased with notice of the infirmity of his title, and so he cannot have his recovery based upon improvements made by him, and is held to the basis of his purchase-money, etc. The same rule has been applied to Harris, but it affects him differently because he did not erect the valuable improvements, but purchased them. Therefore, the amount of his purchase-money exceeding that of Conrad, his recovery exceeds Conrad's. And the decree of the circuit court upon that question is correct, and not erroneous. As to the fee claimed, it was rightly rejected, as Effinger had employed and paid competent counsel. Upon the whole case, we are of opinion to affirm the decree of the circuit court appealed from.

DECREE AFFIRMED.