## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Dennis

    v.

Jernigan et al.

May 15, 1981

Case No. (Law) 5224

By JUDGE ALBERT H. GRENADIER

The defendants in this case have filed a motion, alleging that there is no genuine dispute as to any material fact and that as a matter of law they are entitled to summary judgment in their favor on the plaintiff's claim. The defendants submitted a memorandum of points and authorities in support of their motion. A memorandum in opposition to the motion for summary judgment was filed by the plaintiff. The Court, after reviewing the pleadings and the memoranda of counsel, is of the opinion that the motion for summary judgment must be denied.

The defendants argue that the individual defendants, as escrow agents, acted as guarantors and that their obligations under the escrow agreement were terminated when the principals to the escrow agreement settled their differences. This position, however, is not based upon a valid legal premise. In an escrow arrangement, the escrow agent does not occupy the position of a surety to the principals involved. Instead, the parties occupy a principal-agent relationship which is essentially contractual in nature, the depository of an escrow being an agent of both parties. As the agents of the purchaser in this case, it was the duty of the defendants to withhold the escrow deposit until certain conditions were met. As

the agents of the seller, it was their duty to hold the deposit for it and to deliver the deposit to the seller after those conditions were performed. A breach by a depository of the terms of an escrow arrangement gives rise to a cause of action contractual in nature. *Hiss et al.* v. *Friedberg et als.*, 201 Va. 572 (1960); *Winslow, Inc., et al.* v. *Scaife et al.*, 219 Va. 997 (1979).

This cause of action is separate and distinct from whatever cause of action may exist between the principals. *Hiss* v. *Friedberg, supra.* This case, alleging a breach of the escrow agreement by the defendants, is a cause of action which is separate and distinct from the cause of action alleged by the plaintiff against 60th Art Productions, Inc. in Law No. 5434. As the defendants and 60th Art Productions, Inc. were not joint contractors the settlement of the plaintiff's claim against 60th Art Productions, Inc. and release of the latter did not constitute a settlement and release of his separate cause of action against the defendant. Furthermore, the language contained in the release clearly indicated an intention to not release the defendants or to excuse them from their obligations under the escrow agreement.