## CIRCUIT COURT OF ARLINGTON COUNTY

Kurt W. Riegel et al.

v.

James E. Knudsen et al.

October 24, 1983

Case No. (Law) 24382

By JUDGE CHARLES H. DUFF

For decision are the Defendants' demurrer and motion to strike various portions of the Motion for Judgment. I have carefully considered the able arguments presented and have reviewed the authorities cited, and hasten to advise you as follows.

With respect to the demurrer, reading all of the numbered paragraphs of the Motion for Judgment collectively, I am of the opinion that the alleged defects in the property as well as the alleged breaches by the defendants are sufficiently specific to require that the demurrer be overruled. Undoubtedly additional information will be needed by the defendants and this may be obtained through appropriate discovery proceedings. Similarly I am of the view that the Motion for Judgment adequately states a cause of action against the limited partnership and the individual defendants. They have all been named as defendants and have been described in the body of the Motion with sufficient specificity.

As regards defendants' motion to strike the claim for attorneys' fees, the law requires that it be granted. It is well settled that as a general rule in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses incurred by the plaintiff in the litigation of his claim against the defendant, aside from the usual taxed court costs, are not recoverable as an item of damages in action *ex*

*contractu.* Plaintiff cites *Hiss v. Friedberg,* 201 Va. 572 (1960), in support of his claim for attorneys' fees. However, a careful reading of the *Hiss* case does not support his position. On page 578 of the opinion the Supreme Court points out that the allowance of counsel fees does not apply in litigation between the parties themselves.

Similarly the claim for punitive damages must be striken as there has been an insufficient allegation of an independent separate willful tort. Leave will be granted to the plaintiffs to reassert this claim if further discovery shows the existence of the appropriate elements therefor.