**TONY GUIFFRE DISTRIBUTING CO., INC., Appellant,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY; Ohio Valley Construction Co., Inc.; Bechtel Associates, Professional Corporation (Virginia), Appellees.**

**TONY GUIFFRE DISTRIBUTING CO., INC., Appellee,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY; Bechtel Associates, Professional Corporation (Virginia), Appellants,**

**and**

**Ohio Valley Construction Co., Inc., Defendant.**

**Nos. 83–1004, 83–1005.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1984.

Decided Aug. 1, 1984.

Hugh Nugent, Alexandria, Va. (Harry P. Hart, Hart, Nugent & Ahearn, P.C., Alexandria, Va., on brief), for appellant.

Benjamin J. Trichilo, William L. Carey, Fairfax, Va. (Lewis & Trichilo, Fairfax, Va., on brief) and Gary B. Mims, Fairfax, Va. (Michael L. Zimmerman, Brault, Geschickter, Palmer & Grove, Fairfax, Va., on brief), for appellee.

Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

This appeal of a judgment entered in an action brought by Tony Guiffre Distributing Co. against the Washington Metropolitan Area Transit Authority and two con-

struction companies presents the following issues: (1) whether the district court erred by excluding unpaid rent as evidence of damages in an inverse condemnation claim; (2) whether Guiffre was entitled to interest on the inverse condemnation claim; and (3) whether Guiffre is entitled to attorney's fees from the Authority on the basis of an indemnification provision of his lease. The Authority cross-appeals from the award on the inverse condemnation claim.[1] We affirm the judgment of the district court.

## I

This action arose out of construction of a mass transit system in the Washington, D.C., metropolitan area. Guiffre owns a tract of land in Alexandria, Virginia, adjacent to a transit line. The Authority, an interstate agency established to build and operate the system, leased an undeveloped section of the tract for use during construction. The Authority breached a covenant in its lease by failing to restore the undeveloped tract to its previous condition at the conclusion of the work. Excavation caused damage to Guiffre's adjoining warehouse leased to a federal government agency.[2] Construction also affected other sections of the Guiffre tract. Contractors' employees, by storing equipment and parking their cars on the property, interfered with access to, and parking for, a tennis club that leased part of the land and warehouse. The tennis club, in turn, refused to pay Guiffre rent during the construction period. This damage was the subject of the inverse condemnation claim for temporary loss of use of the property leased to the tennis club. On this claim, the jury awarded $30,000.

## II

The district court allowed Guiffre to introduce evidence of the fair rental value of the tennis club parking area, which the Authority used without a lease or formal condemnation proceedings. The court, however, excluded evidence of the rent payable by the tennis club.

Guiffre contends that the district court erred in excluding evidence of the rent. It argues that the rent should have been admitted as evidence of the fair market value of the Authority's temporary occupancy.

■ The district court did not err in excluding evidence about the rent. The court ruled that the rent was an uncertain, speculative measure of Guiffre's damages because the relationship between the two parties to the lease was not at arm's length. Guiffre's president was acquainted with the tennis club's principals, and his family owned 40% of the club's shares. The tennis club operated at a loss, and Guiffre allowed it to fall behind in its rent well before construction began. Moreover, Guiffre and the tennis club had allowed a state court suit over responsibility for the rent to languish for four years.

Because of the facts concerning the tennis club lease and its arrearage of rent, it is doubtful that the rent was relevant evidence as defined by Federal Rule of Evidence 401. But even if it had marginal relevance, it was properly excluded under rule 403 because of the likelihood that it would mislead the jury. *See* 22 Wright & Graham, *Federal Practice & Procedure* § 5217, at 293–96 (1978).

The district court's solution to the question of valuation was fair. After the court excluded evidence of the rent payable by the club, Guiffre's experts were allowed to testify about the fair rental value of the area the Authority used. They assigned a value in excess of the club's rents.

## III

Guiffre also assigns as error the district court's refusal to award prejudgment inter-

---

**1.** Jurisdiction is based on Pub.L. No. 89–774, § 81, 80 Stat. 1324, 1350 (1966), the Interstate Compact between Virginia, Maryland, and the District of Columbia creating the Washington Metropolitan Area Transit Authority.

**2.** The jury awarded $40,000 for breach of the covenant requiring restoration of the undeveloped tract. It also awarded $225,000 for damages to, and loss of use, of the warehouse. No party has appealed the provisions of the judgment pertaining to these issues.

est on the inverse condemnation claim. It asserts that it is entitled to the interest from the time of taking to the time of judgment as part of the just compensation that the United States Constitution requires.

Guiffre did not, however, seek interest in its complaint, introduce evidence of an appropriate rate and the method of its computation, or request that the jury be instructed to consider the matter. Instead, Guiffre first asked for interest in a post-trial motion.

 Interest, as an element of just compensation, ordinarily should be determined by the trier of fact. When a landowner does not ask the trier of fact to consider interest, the court may determine that he is precluded from making the claim. *See United States v. 100 Acres of Land,* 468 F.2d 1261, 1269–70 (9th Cir.1972). Application of this principle is appropriate here, for Guiffre did not request that the jury be instructed to return a special verdict as to the length of time the Authority's use of the parking area interfered with tennis club patrons. It was told only that it should determine the extent of the taking, and no objection is pressed to this instruction. The district court stated that it could not determine the appropriate time from which interest should accrue, based on this general verdict. Consequently, the court properly allowed interest only from the date of the judgment entered on the jury's verdict. *See* 3 *Nichols on Eminent Domain* § 8.63[5], at 8–368 to 8–372.

### IV

 Guiffre contends that the district court erred in refusing to award it attorney's fees and other expenses for litigating its claim of negligence for damage to the warehouse. It asserts that the award is required by a clause in the Guiffre-Authority lease that states:

[The Authority] shall, during construction, to the extent covered by insurance, release, indemnify and save harmless Lessor from and against any and all liability, loss, detriments, costs, damages, charges, and expenses which Lessor may suffer, sustain, be put to or be in any way subject to on account of the death of, or injury to any person or persons or damage to or destruction of any property, including but not limited to the tenants and property of tenants, arising out of or in any manner connected with the construction activities referred to herein, providing that such death, injury, damage or destruction shall be caused by the negligence of [the Authority].

The district court properly ruled that this clause did not create an exception to the general rule that each party must bear its own attorney's fees. The court recognized that this was an indemnity clause. Its purpose was to save Guiffre harmless from any liability, including costs and attorney's fees, that it incurred because of an action brought against it by a third party whose damages were caused by the Authority's negligence. The scope of the indemnity clause is aptly illustrated by the hypothetical situation where Guiffre has incurred liability including attorney's fees in a suit prosecuted by a third party. Even then the Authority—though liable for the fees incurred by Guiffre in defense of the third party action—would not be liable for Guiffre's attorney's fees in an action to recover against the Authority under the indemnity clause. *See, e.g., Ranger Construction Co. v. Prince William County,* 605 F.2d 1298, 1301–02 (4th Cir.1979); *Hiss v. Friedberg,* 201 Va. 572, 577–78, 112 S.E.2d 871, 875–76 (1960); *Tidewater Construction Corp. v. Southern Materials Co.,* 269 F.Supp. 1000, 1006 (E.D.Va.1967); *General Electric Co. v. Mason Dixon Lines, Inc.,* 186 F.Supp. 761, 766 (W.D.Va. 1960).

Guiffre seeks to avoid the rule that an indemnitee cannot recover attorney's fees in an action against the indemnitor to enforce the indemnity agreement by arguing that the relationship between it and the Authority does not fit the usual indemnification pattern. It suggests that the Authority is, in effect, the indemnitee, that the Authority's insurer is the indemnitor,

and that Guiffre is an injured third party. Guiffre asserts that, as a third party, it established the Authority's negligence and the amount of damages. It then claims that since the indemnity clause was breached, it, as an indemnitee, is entitled to indemnification including attorney's fees for establishing the Authority's negligence. For this shift of roles, it cites no authority.

The district court rightly rejected Guiffre's strained construction of an ordinary indemnity clause. Guiffre cannot call itself a third party for the purpose of establishing the Authority's liability for negligence and take on the role of indemnitee for the purpose of recovering an award of attorney's fees.

V

The Authority, in a cross-appeal, contends that the district court erred in allowing Guiffre to recover for the temporary taking of property leased to the tennis club. It argues that, because the property was under lease for the entire period of the taking, only the lessee has the right to bring an action.

■ The general rule is, as the Authority states, that the lessor cannot recover for a temporary taking of property that ends before the leasehold expires. Guiffre and the tennis club, however, provided in the lease that if there is a public condemnation or taking, "whether or not the term of this lease shall cease and terminate, the entire award shall be the property of LESSOR, and LESSEE hereby assigns to LESSOR all its right, title and interest in and to any such award." This clause assigns to Guiffre the right to recover for the taking of the leasehold.

■ The Authority also argues that the assignment clause is ineffective because it does not apply to an inverse condemnation and, in the alternative, because neither party sought to terminate the lease at the time of the taking. The clause, however, is not limited to formal condemnations; it refers by its terms to "any taking or condemnation" for public use. Moreover, the clause

states that it is not necessary for Guiffre to terminate the lease to take advantage of its right to compensation. Consequently, the district court did not err in allowing Guiffre, as landlord, to bring an action for the temporary taking of the leasehold.

The judgment of the district court is affirmed.