## CIRCUIT COURT OF WASHINGTON COUNTY

Carroll County High School
Band Boosters, etc.

v.

Tim Webb, etc.

### February 19, 1988

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter, including all pleadings and memoranda of law and have considered the same along with arguments of counsel made concerning the pending motions. I am of the opinion that all of this provides me with a sufficient basis upon which to dispose of the pending motions. In consideration of all of which the court finds as follows.

The plaintiffs apparently contracted with the defendant, a travel agent, to procure transportation and lodging for the Carroll County High School Band for a trip to Florida in May of 1986. The contract, apparently entered into sometime in the fall of 1985, was not in writing but apparently provided that the defendant would furnish three Trailways buses to transport the band at the rate of $2,600.00 per bus and twenty rooms in the Days Inn and Lodge in Kissimonee, Florida, at $38.00 per night for two nights. The plaintiffs contend that the defendant breached the contract when he substituted, without authorization, buses from another line which were in a bad state of repair and broke down in transit. Further, the plaintiffs contend that the defendant willfully defrauded them by

overcharging for the bus service and the motel rooms. The defendant contends that he informed the plaintiff in advance of the change in the bus line and denies that he defrauded the plaintiff in any manner. Further, the defendant has pled the Statute of Limitations as an affirmative defense alleging that the plaintiffs' fraud claim is barred by the applicable one-year Statute of Limitations. The defendant has moved for summary judgment on this issue and on the issues of punitive damages and attorneys' fees. Finally, the defendant claims that the plaintiff lacks standing to sue.

## Standing

Although the defendant has pled standing as an affirmative defense, he has not asked for summary judgment on this issue nor made any reference to same in his memorandum of law. The defendant did, however, make reference to same in his oral argument to the court. The court is not sure whether the defendant's argument was directed toward the plaintiff's capacity to sue or standing to maintain the action. In either event, the court is of the opinion that the argument is without merit.

Section 8.01-15 of the Code of Virginia provides as follows:

> All unincorporated associations or orders may sue and be sued under the name by which they are commonly known and called, or under which they do business, and judgments and executions against any such association or order shall bind its real and personal property in like manner as if it were incorporated.

Service of process on such associations may be served on any officer, agent, etc., as provided in section 8.01-305 of the code. An unincorporated association has been defined as "a voluntary group of persons joined together by mutual consent for the purpose of promoting some stated objective . . . ." *See Yonce v. Miner's Memorial Hospital Association*, 161 F. Supp. 178 (W.D. Va. 1958). The plaintiff herein apparently had the *capacity* to enter into a contract with the defendant for the provision of a service in

return for a fee. Had the plaintiff reneged on its promise to pay, the defendant most certainly could have brought suit against them and had service of process on any one of its officers or agents. Insofar as *standing* is concerned, the plaintiff was a party to a contract which has been executed and now claims to be aggrieved by an alleged breach of the terms thereof. The defendant cannot be heard to complain that the party with whom he contracted lacked standing to sue for an alleged breach of the contract or alleged fraud in the performance thereof.

## Statute of Limitations

The defendant contends that the tort action for fraud contained in the amended motion for judgment is barred by the Statute of Limitations. As stated by the defendant, the applicable Statute of Limitations for an action for fraud in Virginia is one year. *See* Section 8.01-248 of the Code and *Pigott v. Moran*, 231 Va. 76 (1986). It would appear, however, that the fraud question is moot as the plaintiff has conceded in her memorandum:

> The present action is a personal action for an unwritten contract, the acts of fraud alleged by the plaintiffs are the manner in which the defendant breached the contract. *This is not a tort action for fraud but a contract action for which the applicable Statute of Limitations is three years.* (Emphasis supplied.)

Thus, it would appear that the plaintiff has conceded the tort count in the amended motion for judgment and has elected to proceed, though not required to do so (*See* Section 8.01-272 of the Code.), with her remedies *ex contractu*. The applicable Statute of Limitations on this unwritten contract then is, as stated by the plaintiff, three years as provided in Section 8.01-246(4). Since the alleged breach apparently occurred sometime in May of 1986 and the suit was filed in May of 1987, it is clear that the action was timely brought. Again, since the plaintiff has apparently abandoned its tort count for fraud, the court does not reach the issue as to whether

the one-year statute applicable thereto had run at the time the suit was brought.

## Punitive Damages

Since the plaintiff is apparently now pursuing only the contract action, the court must determine whether an alleged breach of contract, in the absence of an independent, willful tort, will support an award of punitive damages. I believe the case of *Kamlar Corp. v. Haley*, 224 Va. 699 (1983), as cited by the defendant is dispositive of this issue. That case involved a suit for breach of an employment contract. The plaintiff joined counts in tort and in contract against the defendants. The evidence revealed that the defendants were dissatisfied with the plaintiff's work performance and were determined to get rid of him. They accepted without question a document defamatory to the plaintiff and refused to review exonerating documents he offered and would not permit him a chance to explain. They were looking for and welcomed an opportunity to discharge him. The trial court did not allow the tort count to go to the jury but did instruct the jury that they could allow punitive damages if they found that the defendant's actions were "actuated by malicious motives" in breaching the employment contract. The Supreme Court affirmed the award of compensatory damages but reversed the award of punitive damages because no tort allegations remained in the case. The Supreme Court stated:

> Damages are awarded in *tort* actions to compensate the plaintiff for all losses suffered by reason of the defendant's breach of some duty imposed by law to protect the broad interests of social policy. To further protect those interests, punitive damages may be awarded in a proper case, not as a plaintiff's due, but to punish the wrongdoer and to deter similar conduct. Damages for breach of contract, on the other hand, are subject to the overriding principle of compensation. They are within the contemplation and control of the parties in framing their agreement. They are limited to those losses which are reasonably foreseeable when the contract

is made. *These limitations have led to the more or less inevitable efforts of lawyers to turn every breach of contract into a tort.* (Emphasis supplied.)

The overwhelming weight of authority continues to resist this tendency. Most courts faced, as we are, with the question whether a simple breach of contract, accompanied by ulterior motives in the absence of an independent tort, justifies an award of punitive damages, have answered the question in the negative.

The Supreme Court stated the rule of law in Virginia to be as follows:

We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, *regardless of the motives underlying the breach.* (Emphasis supplied.)

The Supreme Court went on to explain:

Since no election between tort and contact is required, a plaintiff seeking punitive damages should allege a willful, independent tort in a count separate from that which alleges a breach of contract. This serves to notify the defendant of the precise allegations he must meet at trial to resist that part of the claim which supports punitive damages. It also permits that aspect of the case to be tested separately from the rest, upon demurrer as to the sufficiency of the pleadings and upon a motion to strike as to the sufficiency of the proof.

In consideration of this clear authority, I am of the opinion that, no separate tort action being claimed, no basis exists for an award of punitive damages and the defendant's motion as to same should be granted.

### Attorneys' Fees

Ordinarily, in the absence of statutory or contractual provision to the contrary, attorneys' fees are not recoverable by the prevailing litigant. *See Gilmore v. Basic Industries*, 233 Va. 485 (1987); *Hiss v. Friedberg*, 201 Va. 572 (1960); *Norris v. Barbour*, 188 Va. 723 (1949). There appearing to be no contractual or statutory provision for attorney's fees in this case, the court is of the opinion that the general rule prevails and that the defendant's motion concerning same should be granted.

The court is, therefore, of the opinion that the issues, as now narrowed by this opinion and framed by the pleadings, is joined on the plaintiff's claim *ex contractu.*