## CIRCUIT COURT OF FAIRFAX COUNTY

Kumudini Herat

 v.

John A. Keats et al.

October 17, 1991

Case No. (Law) 104256

By JUDGE JOHANNA L. FITZPATRICK

This matter has been under advisement for the Court to consider and rule upon Defendant's demurrers to the Plaintiff's first amended motion for judgment. I have carefully reviewed the motions, pleadings and applicable authority, as well as the arguments of counsel, and I find the following to be appropriate and necessary in this case.

Subject to the exceptions noted below, I find that the Plaintiff has sufficiently pleaded a cause of action against the Defendants for Legal Malpractice under Count I and for Breach of Contract under Count II. Therefore, the defendants' demurrers to the Plaintiff's first amended motion for judgment are overruled, except as to those claims which seek recovery for attorneys' fees and costs expended in the prosecution of this action and expended in the underlying personal injury action of *Herat v. Gross.*

At issue in this case is the Plaintiff's claim to recover against the Defendants for two sets of expenditures of attorneys' fees and costs. In the underlying personal injury action, the Plaintiff paid her former attorneys, the defendants herein, for their services in maintaining that action against Ms. Gross. Under the American Rule, these expenditures could not be claimed as damages against Ms. Gross, whether the Plaintiff had prevailed in that action or not. "It is well settled that as a general rule,

in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses incurred by the plaintiff in the litigation of his claim against the defendant, aside from the usual taxed court costs, are not recoverable as an item of damages in action ex contractu." *Hiss v. Friedberg*, 201 Va. 572, 577 (1960). Therefore, Plaintiff's prior expenditures cannot be classified as damages and are *not* recoverable in a subsequent legal malpractice action in Virginia.

Plaintiff cites *Hiss v. Friedberg* as authority for permitting the recovery of counsel fees and costs, apparently under one of the exceptions to the American Rule propounded in that case. In *Hiss*, the Court recognized an exception to the general rule "where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred." *id.*, (citations omitted). The Plaintiff has misconstrued the teachings of *Hiss*, which applied this exception where the plaintiff therein was forced to maintain a suit against a *third person* in order to protect her contract rights. The Court in *Hiss* specifically stated that this exception "does not deal with the cost of litigation with the defendant himself." 201 Va. at 578. In addition, Plaintiff's citation of *Naccash v. Burger*, 223 Va. 406 (1982), a case of first impression on the issue of so-called "wrongful birth" is factually distinguishable from the case at bar and has no applicability. Therefore, I find that the Plaintiff is also not entitled to recover for expenditures of attorneys' fees and costs in the prosecution of this action.

For the reasons set forth above, Defendants' demurrers are overruled as to Counts I and II, except as to the claims for attorneys' fees which are sustained and shall be stricken from Plaintiff's pleadings.