## CIRCUIT COURT OF THE CITY OF RICHMOND

AIC, Inc.,
Community Bankers SEC, L.L.C.,
CBS Advisors, L.L.C.,
Waterford Investors Serv., Inc.,
and Advent Securities, Inc.

v.

Troutman Sanders, L.L.P.,
and Thomas A. Grant

Case No. CL10-4814

By Judge Melvin R. Hughes, Jr.

June 29, 2011

In this legal malpractice case, the question of sufficiency of plaintiff's complaint as it relates to damages and a cause of action is raised again on the occasion of defendant's demurrer to plaintiff's amended complaint. This demurrer comes after plaintiff, with leave, filed an amended complaint after a first demurrer was sustained. The court reasoned that the damages alleged then exceeded those that could be claimed by a business for business loss, ruling under *Saks Fifth Ave. v. James*, 272 Va. 177, 630 S.E.2d 304 (2006), that damages claimed by a business are only those related to the diminution of the business as measured by loss of profits. *Id.* at 188, 630 S.E.2d at 311. Then, as now, plaintiff states that, over a roughly ten year period of existence, it was never profitable.

Now, in addition to the damages asserted earlier, plaintiff, a financial services holding company, alleges that, due to the defendants' negligence, it has been caused to incur attorney's fees and loss of good will. Indeed, plaintiff asserts that it has alleged eight categories of damages, namely:

1. The difference between the value of plaintiff's business before and after the defendants' wrongful acts, as measured by generally accepted accounting principles and accepted accounting methodologies for the valuation of securities broker-dealers, methodologies and valuations that were approved by the defendants;

2. Loss of good will and damage to Plaintiff's business as going concerns;

3. Loss of prospective profits;

4. $9,750,000.00 in liability and obligations owing to noteholders and shareholders;

5. Attorney's fees paid to Troutman for services negligently performed;

6. Attorney's fees incurred to defend civil actions brought by third parties, including the SEC;

7. Prejudgment interest; and

8. Costs.

The "SEC" reference in Item 6 refers to a legal proceeding initiated against plaintiff after the ruling on the first demurrer. The federal Security Exchange Commission has brought suit against plaintiff in a federal court alleging securities law violations. With leave granted, plaintiff now seeks to recover attorney's fees in connection with its defense of the SEC action on the thinking that defendants' negligence caused the SEC case to come about, causing it to incur attorney's fees incident thereto now and in the future.

Defendants again take the view that, under *Saks*, a business which admittedly has been unprofitable cannot recover any loss in business value other than that measured be loss profits. They also contend that no other damage element is available including attorney's fees because the attorney's fees now alleged have not been caused to be incurred by defendants' actions or inactions. Rather, as stated, attorney's fees can only be a product of plaintiffs' own actions that may be violative of securities law. Also, as noted, plaintiff now asserts loss of good will, a claim not previously made.

The cases the parties have presented for and against business damages, especially those relied on by plaintiffs, are tort-based, usually involving claims of tortious interference with existing contractual relations. Typically, they involve a defendant who is said to have interfered with a contract between plaintiff and a third party by improper means causing injury. Those cases, while stating that damages to a business are measured by a loss of profits, also state that other areas of damages, like good will, though recognized, were not sufficiently proved for recovery.

With respect to attorney's fees, the law is clear. Under the American rule, when neither authorized by statute nor agreed to by contract, attorney's fees cannot be recovered. An exception applies when a defendant's breach of contract forces a plaintiff to defend against litigation with a third party. Attorney's fees incurred from the prior suit are recoverable. *Patel v. Anand,*

*L.L.C.*, 264 Va. 81, 87, 564 S.E.2d 140, 144 (2002); *Oliver v. Shelton*, 221 Va. 1051, 1055-56, 277 S.E.2d 189, 192 (1982); *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 876-77 (1960). However, plaintiff's claim for attorney's fees cannot stand according to the authorities. To recover attorney's fees here, as a result of defendants' breach, plaintiff must demonstrate it has incurred fees defending a prior suit. Here, the SEC suit is ongoing, and, until it is concluded, there is no former suit upon which plaintiff can now base a liquidated claim for attorney's fees, as has been the case where attorney's-fee recovery has been countenanced under the case law.

Then, we still have the *Saks* analysis as the standard for business damage loss. So, certainly, only that measure can be contemplated as accounting for damages to this plaintiff's claim. And since, as before, plaintiff alleges it has never experienced profitability, then plaintiff cannot seek to recover any business loss based on diminution because there has been no history of profit. So, plaintiff has not stated valid claims for items 1 and 3.

As noted, plaintiff has asserted a loss of good will which was not claimed in the initial complaint. Good will is "the excess of the sales price of a business over the fair market value of the business' identifiable assets." *Advance Marine Enterprises, Inc. v. PRC, Inc.*, 256 Va. 106, 114, 501 S.E.2d 148, 153 (1998). Recovery for good will of a business under item 2 has been said to be cognizable upon proper proof. *See id.* at 121, 501 S.E.2d at 157. Thus, plaintiff's claim for this can stand against demurrer.

So, plaintiff's amended complaint states a viable claim for damages but only for loss of good will. The rest of the items of damages listed as pleaded cannot frame a basis for recovery. Prejudgment interest and costs can be recovered if plaintiff prevails; these are not damages but are allowed by statute. Accordingly, the demurrer to plaintiff's amended complaint is sustained in part and overruled in part.

Mr. Dolan can prepare and submit an appropriate order with exceptions noted. The order can allow for a further amended complaint. In the event of amendment, defendants shall have twelve days to file responsive pleadings.

September 22, 2011

The Defendant asked for partial reconsideration of the June 29, 2011, letter opinion overruling in part its Demurrer to the Amended Complaint. In essence, the Defendant is seeking to eliminate Plaintiff's claim for loss of good will, the only element of damage allowed after Defendant demurred the second time and subsequent to the Court's sustaining Defendant's Demurrer to the First Complaint in its entirety.

The difference in the Second Complaint is that Plaintiff set out loss of good will as a distinct damage element for recovery. In the first iteration, Plaintiff's Complaint did not mention good will as a distinct

damage. However, Plaintiff's Response and Memorandum in Opposition to Defendant's Demurrer to the First Complaint did address good will as a proper measure of the clients' damages. The question, therefore, is whether, following the rule that business loss cannot be claimed for an unprofitable business (See *Saks Fifth Avenue, Inc. v. James, Ltd.*, 272 Va. 177 (2006)), this bars recovery of *any* damages, which in Plaintiff's case would be good will.

Upon reconsideration, I have decided to grant Defendant's request. "Profits are the gains realized from trade; good will is that which brings trade." *Whittle v. Davis*, 116 Va. 575, 585, 82 S.E. 724, 727 (1914) (citation omitted). In *Whittle*, the court had the issue of discerning between profit and good will. What the *Whittle* court said, which is applicable here, is that:

> [t]he annual profits are resorted to merely as throwing light upon and as approaching a reasonable mode by which the value of the intangible asset known as good will may be proximately measured and ascertained; but it certainly is not intended that good will is profits or that profits are good will. They are things wholly separate and distinct and have no sort of relation the one to the other except that courts resort to earning capacity as a means of ascertaining the value of the intangible asset known as good will.

*Id.* at 584-85 (citation omitted).

The *Whittle* court otherwise stated that good will is based on annual profits. Here, considering *Saks*, as previously mentioned, a business like that of Plaintiff, which has no track record of profit, cannot claim a business loss due to lack of profits and by extension, cannot claim loss of good will.

Accordingly, in considering Defendant's Motion for Partial Reconsideration, the Demurrer to Plaintiff's Second Amended Complaint is wholly sustained.