RICHMOND MEDICAL SUPPLY CO., INC.

v.

ROBERT W. CLIFTON

Record No. 850945

June 10, 1988

Present: All the Justices

*Edwin A. Bischoff (Bischoff, Bondurant, Harris and Newsom, P.C.*, on brief), for appellant.
*Michael H. Gladstone* for appellee.

RUSSELL, J., delivered the opinion of the Court.

A tenant sued its landlord for breach of contract in failing to honor an express promise to replace a defective exterior door. The tenant claimed as damages the value of property stolen from the premises by thieves who entered through the defective door. The court granted summary judgment in the landlord's favor, relying on *Gulf Reston, Inc.* v. *Rogers*, 215 Va. 155, 207 S.E.2d 841 (1974). The primary question presented by this appeal is whether *Gulf Reston* and its progeny, which deal with tort liability for criminal acts of third parties, also preclude the recovery of contract damages arising from the same cause.

Richmond Medical Supply Co., Inc. (RMS), entered into a written lease dated July 13, 1983, with Robert W. Clifton wherein RMS leased from Clifton certain commercial property on North Boulevard in Richmond. The lease constituted a renewal of an existing tenancy. An addendum to the lease contained a provision requiring Clifton to make certain repairs including "replacement and make in good working order the rear overhead door on or before the commencement of this lease, August 1, 1983."

RMS continued in possession of the leased premises even though Clifton failed to repair or replace the door. On November 8, 1983, thieves broke into the leased premises by knocking out a wooden panel in the overhead door and removed cash, equipment, and inventory valued by RMS at $60,000, none of which was ever recovered.

RMS brought this action for breach of contract, alleging that its loss was the direct consequence of Clifton's breach of his express promise to replace the door and that the damages RMS had sustained were within the contemplation of the parties because of written and oral communications between them prior to the renewal of the lease. Clifton moved for summary judgment. In two letter opinions, the court determined that the damages RMS sought were consequential rather than direct damages and that they were not recoverable in this case for the reasons set forth in *Gulf Reston*. We awarded RMS an appeal from the court's order granting summary judgment.

There are two broad categories of damages which may arise from a breach of contract. Direct damages are those which naturally or ordinarily flow from the breach; consequential damages arise from the intervention of special circumstances not ordinarily predictable. Consequential damages are compensable only if it is determined as a *matter of fact* that the special circumstances were within the contemplation of the contracting parties at the time of contracting. "Contemplation," in this context, includes both that which was actually foreseen and that which was reasonably foreseeable. *Danburg* v. *Keil*, 235 Va. 71, 76, 365 S.E.2d 754, 757 (1988); *Morris* v. *Mosby*, 227 Va. 517, 523, 317 S.E.2d 493, 497 (1984); *Roanoke Hospital* v. *Doyle and Russell*, 215 Va. 796, 801 n.4, 214 S.E.2d 155, 160 n.4 (1975). Whether claimed damages are direct or consequential is a question of law for the trial court. Whether special circumstances were within the contemplation of the parties so as to justify the recovery of conse-

quential damages is a question of fact for the jury. *Roanoke Hospital*, 215 Va. at 801, 214 S.E.2d at 160. Thus, having properly determined that RMS's claimed damages were consequential in nature,* the trial court erred in failing to submit the "contemplation" issue to the jury unless the recovery of any damages was barred by the doctrine of *Gulf Reston.*

In *Gulf Reston*, we considered a claim that a landlord was liable in tort to a tenant for failure to protect the tenant from the criminal act of a third party. We held that the landlord had no duty to provide such protection. *Gulf Reston*, 215 Va. at 159, 207 S.E.2d at 845. *See also Klingbeil Management Group* v. *Vito*, 233 Va. 445, 357 S.E.2d 200 (1987). More recently, we have considered the question of liability for the criminal acts of third persons in another context. *Wright* v. *Webb*, 234 Va. 527, 362 S.E.2d 919 (1987) (commercial property owner not liable to business invitee for criminal act of third party).

Each of the foregoing cases was an action *ex delicto*, and in each of them we were faced with the determination whether a duty was imposed by general law upon the defendant somehow to foresee, and to take effective measures to guard against, the danger of criminal acts by a third person. In none of them had the defendant expressly assumed a duty, by contract, to take some specific action to protect the plaintiff from a danger within the contemplation of the parties at the time of contracting.

Contracting parties are entirely capable of assuming duties toward one another beyond those imposed by general law and, in fact, do so in nearly every contractual arrangement. It follows that those authorities which define the duties imposed by general law do not restrict the enforcement of additional duties assumed by contract. Therefore, we conclude that the doctrine of *Gulf Reston* and its progeny does not bar the recovery sought here. RMS pleaded a contractual duty, a breach thereof, and damages flowing from the breach. Each of these should have been considered by the fact-finder. Accordingly, we will reverse the order granting summary judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

* At trial and on brief, RMS contended that its claimed damages were direct. In oral argument, however, counsel conceded that the trial court correctly determined that they were consequential.