## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Nelson Banglesdorf

v.

Underwood Enterprises, Inc.

March 9, 1990

Case No. L89-505

By JUDGE WILLIAM H. LEDBETTER, JR.

This case involves the liability of a commercial property owner for injuries to a business invitee caused by the criminal acts of a third party.

In his amended motion for judgment, Banglesdorf alleges that he was injured in the parking lot of the defendant's Burger King restaurant when another customer hurled a bottle through his car window. The circumstances leading up to the assault are described in the pleading.

Underwood Enterprises, owner and operator of the Burger King, filed a demurrer. The court heard arguments on the demurrer on March 5, 1990, and took the matter under advisement.

In ruling on the demurrer, the court must assume that all allegations in the pleadings, and all reasonable inferences that can be drawn from those allegations, are true. Virginia Code § 8.01-273; *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134 (1980). Therefore, it is axiomatic that in considering the defendant's argument that the amended motion for judgment fails to state facts upon which relief can be granted, the court takes as true all of Banglesdorf's assertions and does not concern itself, at this juncture, with whether Banglesdorf can prove these assertions.

In his pleading, Banglesdorf alleges that on August 29, 1987, he and his wife were eating in the Burger King

when a third party, Charles Lane, entered the premises and made "insulting statements" to Banglesdorf, "uttered obscenities," and "attempted to provoke [Banglesdorf] into physical violence." The manager, and perhaps other employees of the Burger King, witnessed the incident.

The pleading next alleges that Banglesdorf "agreed to [Lane's] request" and went outside into the parking lot, where another unspecified "confrontation" took place.

The manager "asked" Lane and his companions to leave and said that he "would call the police" if the group did not leave.

Banglesdorf, according to his allegations, then re-entered the restaurant. Lane, too, returned to the restaurant and was served food. He engaged in "verbal confrontation" with a Burger King employee.

After about 10 or 15 minutes, the pleading continues, Banglesdorf "concluded that no one at Burger King had ever called the police," and so he and his wife left the restaurant. When they got in their vehicle to leave, Lane or one of his group threw a beer bottle through the driver's window of the car, injuring Banglesdorf.

From these facts, and from the further allegation that there is a "history of violence in the general area of the mall" where the Burger King is located, Banglesdorf asserts that the defendant "knew of or should have known of" the "potential danger," and that the defendant was negligent in failing to call the police in a timely manner, to warn him "of any perceived dangers," and to otherwise protect him from the assault.

This case is controlled by the principles enunciated in *Wright v. Webb*, 234 Va. 527 (1987). There, the plaintiff was injured in an attack in the defendant's parking lot by a third party. The court acknowledged the general rule that a commercial property owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition. However, with regard to injuries caused by the criminal acts of third parties, the court said:

> We hold that a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against

criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.

The amended motion for judgment contains no allegation or inference that the defendant's Burger King restaurant was the sort of business that attracted or provided a climate for assaultive crimes. Therefore, applying the holding in *Wright v. Webb* to this case, it is apparent that the defendant had *no* duty to take *any measures* to protect Banglesdorf *unless* it *knew* that a criminal assault *was occurring or was about to occur* under circumstances which would indicate an *imminent probability of harm* to Banglesdorf.

What facts has Banglesdorf alleged to support his contention that the defendant had a duty to protect him from the criminal assault of Lane and his companions?

As discussed above, Banglesdorf refers to Lane's "insulting statements," "obscenities," and attempts to provoke Banglesdorf "into physical violence," all of which were "witnessed by one or more employees of defendant, including its manager." Banglesdorf also refers to his own decision to leave the restaurant and go into the parking lot with Lane, where "further confrontation" occurred. Then, Banglesdorf cites the manager's request to Lane that he and his companions leave or police would be summoned. Finally, Banglesdorf refers to his and Lane's re-entry of the *restaurant* and Banglesdorf's subsequent decision to leave.

These allegations, taken separately or together, do not reach the threshold necessary to impose upon the defendant a duty of protection. Neither the allegations, nor reasonable inferences to be drawn from them, contain factual assertions regarding the defendant's knowledge that a criminal assault was occurring or about to occur which could have indicated an imminent probability of harm to Banglesdorf.

A business invitor's awareness of "insults," "obscenities," and "attempts to provoke," is not an awareness of a criminal assault and is not an awareness that a criminal assault is imminent. If this were so, the operator of a business would be obliged to take immediate action

to protect invitees every time patrons exchange cross words. The law does not impose such a duty. This is especially true where, as here, the business invitee admittedly followed the aggressive third party into the parking lot, both parties then returned to the interior of the establishment, and at least fifteen to twenty minutes passed without incident after which the invitee left the building and was assaulted in the parking lot.

Banglesdorf attempts to distinguish *Wright v. Webb* in two ways.

First, he argues, the defendant here witnessed conduct of the third party assailant, prior to the assault, which put the defendant on actual notice of the danger. The court agrees that a business invitee who witnesses behavior "which indicates an imminent probability of harm to an invitee" could trigger the duty to protect defined in *Wright v. Webb*. However, no such behavior or conduct is alleged in the amended motion for judgment. For the reasons explained above, insults, obscenities and attempts to provoke, followed by the parties' removal to the parking lot, their return to the business establishment, and the elapse of at least fifteen to twenty minutes without incident, is insufficient as a matter of law.

Second, Banglesdorf argues, *Wright v. Webb* is inapposite because the manager assumed a duty to protect by saying that he was going to call the police. This is a non sequitur. The manager's threat to Lane that he would call the police was not a promise or assurance to Banglesdorf. It imposed no additional duty upon the defendant than that expressed in *Wright v. Webb*. There is no allegation that the manager promised Banglesdorf that he would call the police; *i.e.*, the defendant made no contractual commitment to the plaintiff which would impose upon the defendant a higher or different duty than the general duty set forth in *Wright v. Webb. See, e.g., Richmond Medical Supply Co., Inc. v. Clifton*, 235 Va. 584 (1988). *See also, Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974); *Whitfield v. Cox*, 189 Va. 219 (1949).

A pleading need not fully and elaborately set forth all facts associated with the party's position in the case. A pleading is sufficient if it states the facts on which the party relies so that the opposite party is clearly informed of the nature of the claim. Rule 1:4(d).

However, in the initial pleading, the allegations must be sufficient to state a cause of action.

Banglesdorf's pleading is insufficient because the allegations fail to state facts which would impose a duty upon the defendant to protect the plaintiff from the criminal assault of Lane. The demurrer will be sustained.

Mr. Herbert will please prepare and circulate an appropriate order, making reference to this opinion. The order will grant leave to the plaintiff to file an amended motion for judgment, if he can do so in good faith and if he be so advised, and the defendant will have twenty-one days thereafter to file a responsive pleading.