Present: All the Justices

STEFAN C. LONG

v. Record No. 961815    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        June 6, 1997
FRANCESCO ABBRUZZETTI

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Thomas A. Fortkort, Judge Designate

The dispositive issue in this appeal is whether a plaintiff who recovered consequential damages for breach of contract presented sufficient evidence that those damages were within the contemplation of the parties at the time the contract was made.

Francesco Abbruzzetti (the plaintiff) filed a motion for judgment against Stefan C. Long, seeking damages for Long's alleged breach of his oral contract to act as escrow agent for the plaintiff and his former wife, Josephine Wendy Abbruzzetti. The plaintiff and Long filed cross-motions for summary judgment and agreed, pursuant to Rule 3:18, that the trial court could consider certain depositions, in addition to the pleadings and admissions, in deciding the case.

The trial court considered the following facts in ruling on the motions. On October 6, 1992, at 3:45 p.m., the plaintiff and Mrs. Abbruzzetti executed an "Offer to Purchase," in which the plaintiff agreed to purchase Mrs. Abbruzzetti's interest in their jointly owned restaurant, Trattoria da Franco, located in the City of Alexandria. The Offer to Purchase and an accompanying escrow agreement executed by the plaintiff and Mrs. Abbruzzetti required the plaintiff to deliver to Long, the escrow agent who was also Mrs. Abbruzzetti's attorney, several items including a

cash down payment, a note payable to Mrs. Abbruzzetti for the balance of the purchase price, and evidence of Mrs. Abbruzzetti's release from liability on notes held by the Bank of Alexandria and the First Commonwealth Savings Bank.  The Offer to Purchase specified that "[a]ll parties agree to execute all required documents within 72 HRS of execution of this agreement," and stated that if the plaintiff was unable to perform in accordance with the agreement, it would become null and void, and an alternate agreement allowing Mrs. Abbruzzetti to purchase the restaurant would take effect.

On October 6, 1992, the plaintiff delivered the down payment to Long, who deposited the check in his escrow account.  The escrow agreement directed Long to release the down payment to Mrs. Abbruzzetti when he received all the documents required from the plaintiff under the terms of the Offer to Purchase.  On October 9, 1992, Long received from Charles O. Cake, the plaintiff's attorney, several items including letters from the Bank of Alexandria and First Commonwealth Savings Bank, which indicated that the plaintiff had initiated, but not completed, action to assume full responsibility for the two loans.

On October 9, 1992, at about 4:00 p.m., Mrs. Abbruzzetti delivered a letter to Long stating that the plaintiff had failed to comply with the terms of the Offer to Purchase because he had not obtained her release on the notes held by the two banks, and she presented written verification from both banks to that

effect.  At Mrs. Abbruzzetti's request, Long wrote the plaintiff a letter stating that "[i]t has been brought to my attention that you have failed to comply with the offer to purchase."  Long stated in the letter that Mrs. Abbruzzetti was exercising her option to purchase the restaurant and that, "[p]ursuant to her offer of purchase, she is entitled to assume control of the family business forthwith."  Long gave the letter to Mrs. Abbruzzetti.

Long stated in his deposition that he did not make an independent attempt to verify the contents of the bank letters because he had not received the releases within the 72-hour time period specified in the Offer to Purchase.  When asked if he "simply took [Mrs.] Abbruzzetti's word," Long stated, "[a]ll I know is she said 72 hours had expired and that he had not complied."

Mrs. Abbruzzetti delivered a copy of Long's letter to Cake and then went to the restaurant, bringing the letter and her check for the down payment to exercise her purchase option.  She was accompanied by two security guards she had hired that morning.  The plaintiff arrived at the restaurant a few hours after Mrs. Abbruzzetti and became angry when she informed him that she was taking possession of the restaurant.  The plaintiff left the restaurant and returned with two policemen who determined, on the basis of Long's letter, that Mrs. Abbruzzetti was entitled to possession of the business.  The plaintiff left

the restaurant and later filed a suit for specific performance of the Offer to Purchase.

In January 1993, in the suit for specific performance, the trial court entered an order granting the plaintiff immediate possession of the restaurant, holding that he had complied with the terms of the October 6, 1992 Offer to Purchase. The plaintiff then filed this motion for judgment against Long, seeking recovery of the attorney's fees he expended in the specific performance suit.

In a letter opinion addressing the parties' cross-motions for summary judgment, the trial court held that the plaintiff was entitled to damages for Long's "failure to investigate the default circumstances claimed by his client." The court ruled that although Long did not have any specific knowledge of Mrs. Abbruzzetti's intended actions beyond her intent to deliver the letter and check to the plaintiff's attorney, "it was clearly foreseeable that she would make some effort to enforce her claim and that such effort would cause the plaintiff some damage either in business losses or potential attorney fees in defending against Mrs. Abbruzzetti's claim." The court awarded summary judgment to the plaintiff, ruling that Long's failure to investigate the plaintiff's alleged default under the terms of the Offer to Purchase entitled the plaintiff to recover his attorney's fees incurred in the specific performance suit.[*]

[*]The court awarded the plaintiff $42,785. Long stipulated

- 4 -

On appeal, Long contends that the attorney's fees incurred in the specific performance suit were consequential damages not reasonably foreseeable at the time his contract as escrow agent was made, because those damages were the direct result of Mrs. Abbruzzetti's action ousting the plaintiff from the restaurant. In response, the plaintiff asserts that the attorney's fees were damages directly flowing from Long's breach of contract, and that the resolution of this issue is governed by Hiss v. Friedberg, 201 Va. 572, 112 S.E.2d 871 (1960). In the alternative, the plaintiff asserts that even if the attorney's fees were consequential damages, they are recoverable because they were reasonably foreseeable at the time the contract was made. We disagree with the plaintiff.

As stated above, this case was submitted to the trial court based on the parties' cross-motions for summary judgment. Since the parties agreed to the trial court's consideration of certain depositions as evidence, we are required to consider them as part of the record the parties have presented. See Code § 8.01-420; Rule 3:18; Carson v. LeBlanc, 245 Va. 135, 137, 427 S.E.2d 189, 190 (1993). In this procedural posture, we review the trial court's judgment under Code § 8.01-680, which provides that the judgment will not be set aside unless it appears from the record

to the amount of damages while reserving the right to appeal on the issue of liability.

that the judgment is plainly wrong or without evidence to support it.  Id.; see also W.S. Carnes, Inc. v. Board of Supervisors of Chesterfield County, 252 Va. 377, 385, 478 S.E.2d 295, 301 (1996); Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 57, 419 S.E.2d 627, 630 (1992).

There are two broad categories of damages which may arise from a breach of contract.  Direct damages are those which flow naturally or ordinarily from the contract breach.  Consequential damages occur from the intervention of special circumstances that are not ordinarily predictable.  NAJLA Associates, Inc. v. Griffith, 253 Va. 83, 86, 480 S.E.2d 492, 494 (1997); Richmond Medical Supply Co. v. Clifton, 235 Va. 584, 586, 369 S.E.2d 407, 409 (1988); Roanoke Hospital v. Doyle and Russell, 215 Va. 796, 801, 214 S.E.2d 155, 160 (1975).

If damages are direct, they are compensable.  In contrast, if damages are consequential in nature, they are compensable only if the special circumstances were within the contemplation of all contracting parties at the time the contract was made.  NAJLA Associates, Inc., 253 Va. at 86-87, 480 S.E.2d at 494; Morris v. Mosby, 227 Va. 517, 523, 317 S.E.2d 493, 497 (1984). "Contemplation," in this context, includes both circumstances that are actually foreseen and those that are reasonably foreseeable.  Richmond Medical Supply Co., 235 Va. at 586, 369 S.E.2d at 409; Danberg v. Keil, 235 Va. 71, 76, 365 S.E.2d 754, 757 (1988).

The issue whether damages are direct or consequential is a question of law. However, the issue whether special circumstances were within the contemplation of the parties is a question of fact. NAJLA Associates, Inc., 253 Va. at 87, 480 S.E.2d at 494; Roanoke Hospital, 215 Va. at 801, 214 S.E.2d. at 160.

We disagree with the plaintiff's assertions that the damages here are direct, rather than consequential, and that this case is controlled by Hiss v. Friedberg. In Hiss, the plaintiffs employed attorneys Hiss and Rutledge to search the title to their recently purchased real estate, procure title insurance, and settle the transaction. Due to an allegation of an unrecorded lease on the property, an escrow agreement was executed in which Hiss and Rutledge were authorized to deliver the cash and notes to the sellers, and to record the deeds, when they had received a title insurance policy guaranteeing the plaintiffs a fee simple title to the property "free and clear of any liens and encumbrances whatsoever." 201 Va. at 574-75, 112 S.E.2d at 874.

Although they had not procured such a policy, Hiss and Rutledge nevertheless recorded the deeds and delivered the cash and notes to the sellers. The policy issued after these acts occurred did not insure against "[r]ights of parties in actual possession of all or any part of the premises other than the insured." Id. at 575, 112 S.E.2d at 874.

After filing suit against the sellers for breaches of

warranty and covenants, the plaintiffs settled their claim, reserving the right to proceed against Hiss and Rutledge. In the action against Hiss and Rutledge, the trial court awarded the plaintiffs, among other things, counsel fees incurred in their litigation against the sellers. Id. at 575-76; 112 S.E.2d at 874.

On appeal, we recognized that, in the absence of contractual or statutory liability, attorneys' fees incurred in present or previous litigation between the same parties generally are not recoverable. However, we also stated that when a breach of contract has forced a plaintiff to maintain or defend a suit against a third person, the plaintiff may recover reasonable attorneys' fees incurred by him in the former suit. Id. at 577, 112 S.E.2d at 875-76. We concluded that since the purchasers' suit against the sellers was a direct and necessary consequence of the attorneys' breach, the plaintiffs were entitled to recover damages for the attorneys' fees they incurred in that litigation. Id. at 579, 112 S.E.2d at 876-77.

Unlike the direct damages sustained by the plaintiffs in Hiss, the damages alleged here were not the direct and necessary consequence of Long's alleged breach of contract as escrow agent. The damages were the direct and necessary result of Mrs. Abbruzzetti's action in having the plaintiff physically ejected and barred from the restaurant. Moreover, it is purely speculative whether such fees would have been incurred had Mrs.

- 8 -

Abbruzzetti not taken this action. Thus, we conclude that the plaintiff's attorney's fees in the specific performance suit were consequential, rather than direct, damages because they arose from the intervention of special circumstances not ordinarily predictable.

We next consider whether the record supports the trial court's finding that these damages were reasonably foreseeable. We apply the above-stated rule that the foreseeability of consequential damages is determined as of the time the contract was made. See NAJLA, 253 Va. at 87, 480 S.E.2d at 494; Richmond Medical Supply Co., 235 Va. at 586, 369 S.E.2d at 409; Roanoke Hospital, 215 Va. at 801, 214 S.E.2d at 160.

We conclude that the record does not contain evidence that, at the time Long was employed as escrow agent, it was reasonably foreseeable that Mrs. Abbruzzetti's actions would require the plaintiff to incur attorney's fees in a specific performance suit. There is no evidence indicating that Mrs. Abbruzzetti had engaged in such conduct before, or that the circumstances surrounding the parties' marital difficulties were so extreme that conduct of this nature was reasonably likely to occur. Thus, we hold that the record fails to support the trial court's conclusion that the damages in question were reasonably foreseeable.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of Long.

<u>Reversed and final judgment</u>.