UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEFFREY L. MILLER, Personal
Representative of the Estate of
Meredith E. Miller, Deceased,
<u>Plaintiff-Appellant,</u>

v.                                                                 No. 96-2636

CHARLES E. SMITH MANAGEMENT,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1209-A)

Argued: March 4, 1998

Decided: January 26, 1999

Before WIDENER and MOTZ, Circuit Judges, and MOON,
United States District Judge for the Western District of Virginia,
sitting by designation.

_____

Affirmed in part, reversed in part and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Hersch Gottesman, GEORGETOWN LAW
CENTER, Washington, D.C., for Appellant. John Henry Carstens,

JORDAN, COYNE & SAVITS, Fairfax, Virginia, for Appellee. **ON BRIEF:** Robert F. Muse, Richard A. Bussey, Christopher H. Mitchell, STEIN, MITCHELL & MEZINES, Washington, D.C., for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey L. Miller, Personal Representative of the Estate of Meredith E. Miller ("the Estate"), brought suit against Charles E. Smith Management, Inc. ("Smith") under Virginia's Wrongful Death Act, Virginia Code § 8.01-50 et seq. The Estate alleges that Smith's representatives made false representations to the Estate's decedent, Meredith Miller ("Miller"), about the safety of its apartment building and the steps it would take to protect her against crime with the intent to induce Miller to enter a lease agreement with Smith. The Estate further alleges that Smith explicitly assumed duties to protect Miller which it performed in a negligent manner. The Estate contends that Smith's acts were a proximate cause of Miller's death. Smith filed a motion to dismiss for failure to state a claim, which the district court granted. The Estate now appeals the district court's dismissal of the case. We affirm in part, and reverse in part and remand.

I.

Miller moved to the Washington, D.C. area in June 1994 to attend graduate school. She, her mother, and her roommate went apartment hunting together and spoke with Smith's agent about an apartment in Smith's Crystal House I complex in Alexandria, Virginia. The Estate alleges that, as a young single woman, Miller made her personal safety the paramount consideration in deciding where to live, and that because she was unfamiliar with the Washington metropolitan area,

2

she relied on Smith's agent's representations concerning the area's safety.

The Estate alleges that Smith's agent made several false representations to the three women in order to induce Miller and her roommate to enter into a lease agreement. The agent addressed their safety concerns by representing, among other things, that there was no history of significant crime or violence on or near the premises of Crystal House I; that if such activity ever occurred on or near the premises, Smith would promptly notify tenants so they could take additional safety precautions; that Smith had security guards on constant patrol of the premises; and that it was not necessary to rent a parking space in the complex's underground lot because the outdoor lot was equally safe. Miller and her roommate then entered into a lease agreement with Smith for an apartment at Crystal House I.

Two months later, two women in a car were robbed at gunpoint in an area adjacent to Crystal House I's outdoor parking lot. Smith was immediately notified but failed to alert its tenants, including Miller.

On October 17, 1994, Miller parked her car in the outdoor parking lot. Upon exiting her car, she was assaulted, shot, and killed by two unknown assailants as they attempted to steal her car.

The Estate contends that each of Smith's agent's representations to Miller regarding the safety of Crystal House I and the surrounding area was false. It asserts that the security of the building's interior was easily breached by intruders, resulting in numerous crimes perpetrated upon tenants or their property; that the exterior of the building was not safe and that numerous crimes had been committed against tenants or their property in the outdoor parking lot, where patrolling by security personnel was inadequate and often nonexistent; that the premises and vicinity of Crystal House I has an extensive history of crime because the neighborhood was attractive to criminals and the area was inadequately secured; that Crystal House I was no safer from criminal activity than other more convenient areas in which Miller might have chosen to live but for Smith's misrepresentations; that the defendant failed to notify Miller and other tenants of several incidents of serious criminal activity on or near the premises of which it was

3

aware and that Smith had no such notification policy; and that the outdoor parking lot was not as safe as the underground lot.

The Estate sued Smith to recover for Miller's death based on Smith's alleged breach of express warranty,* fraudulent misrepresentation, negligence, and violation of the Virginia Consumer Protection Act, Virginia Code § 59.1-196 et seq. The district court found that Smith was not liable for the acts of the third-party assailants because the special circumstances which could create such liability were not present and the damages claimed were not proximately caused by the breach of duties alleged. Accordingly, it held that the alleged statements do not support a claim for breach of express warranty, fraudulent misrepresentation, or negligent misrepresentation, or a claim under the Virginia Consumer Protection Act.

II.

A landlord in Virginia generally holds no duty to protect a tenant from the criminal acts of a third party. Dean v. Charles E. Smith Management, Inc., 799 F.2d 944, 945 (4th Cir. 1986); Klingbeil Management Group, Inc. v. Vito, 233 Va. 445, 447-48, 352 S.E.2d 200, 201 (1987); Gulf Reston Inc. v. Rogers, 215 Va. 155, 157, 207 S.E.2d 841, 844 (1974). The Supreme Court of Virginia has recognized two situations in which liability may be found. In Richmond Medical Supply Co. Inc. v. Clifton, 235 Va. 584, 587, 369 S.E.2d 407, 409 (1988), the Supreme Court held that a landlord may contractually assume the duty to protect a tenant from criminal activity. In this case, however, no such contractual obligation is alleged. In Gupton v. Quick, 247 Va. 362, 363, 442 S.E.2d 658, 659 (1994), the Supreme Court held that a business invitor who knows of imminent danger to a business invitee owes a duty to protect the invitee. The facts of this case, involving only sporadic acts of criminal conduct, are insufficient to charge the landlord with notice of imminent danger to the plaintiff's decedent. See id.; Wright v. Webb, 234 Va. 527, 533, 362 S.E.2d 919, 922 (1987). We decline to extend the landlord's liability beyond the limits set by the Supreme Court of Virginia, and therefore affirm as to the assumption-of-duty claim.

_____

*Because the Estate did not challenge the district court's dismissal of its breach-of-warranty claim, we do not address that issue.

III.

To establish a claim for fraudulent misrepresentation, a plaintiff must allege (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with an intent to mislead, and (5) reliance by the party misled, (6) resulting in damage to her. Thompson v. Bacon, 245 Va. 107, 111, 425 S.E.2d 512, 514 (1993). The complaint alleges that Smith intentionally and knowingly made numerous false representations to Miller with an intention to mislead her and thereby induce her to rent its apartment. The complaint alleges that Smith represented to Miller that if significant criminal activity ever occurred on or near the premises, Smith would notify its tenants promptly; that there was no history of significant crimes on or near the premises; that roaming security guards were on constant patrol; and that the outdoor parking lot was equally as safe as the underground lot.

Although a promise of future performance is not actionable in a claim for fraudulent misrepresentation, see Colonial Ford Truck Sales v. Schneider, 228 Va. 671, 676, 325 S.E.2d 91, 94 (1985), such a promise can support a claim for fraud if there is no intention to perform at the time the promise is made. See, e.g., id. The Estate alleges that Smith's policy was to create an appearance of security and then, if challenged about the adequacy of security, disclaim that it provided any security. Because evidence at trial might prove that Smith had no intention to perform its promise that it would notify tenants of significant criminal activity and that roaming security guards would be on constant patrol, these promises could provide a basis for the fraudulent misrepresentation claim. Furthermore, the allegation that roaming security guards were on constant patrol is also a statement of material fact that could support the claim. See also Luedtke v. Phillips, 190 Va. 207, 211, 56 S.E.2d 80, 82 (1949) (noting that a landlord may be liable for personal injuries to a tenant caused by a third party where the landlord's fraud led the tenant to believe that the premises were in a safer condition than they actually were).

IV.

Because we hold that a claim for fraud may be established based on the allegations contained in the complaint, we also reverse the dis-

5

trict court's dismissal of the claim under the Virginia Consumer Protection Act. See Virginia Code § 59.1-199(E) (providing that a claim otherwise governed by the Virginia Residential Landlord and Tenant Act may proceed under the Consumer Protection Act where fraud exists).

V.

The court also held that the misrepresentation claims fail because the attack on Miller was not foreseeable and thus did not proximately cause her death. Proximate cause is ordinarily a question of fact for the jury, Brown v. Koulizakis, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985), and only when reasonable minds could not differ about such issues do they become questions to be decided by a court. Hadeed v. Medic-24, Ltd., 237 Va. 277, 285, 377 S.E.2d 589, 593 (1989). If, as the complaint alleges, Miller would not have placed herself in potentially perilous situations such as that which resulted in her death had she not relied on Smith's assurances, a jury might reasonably conclude that Smith's acts proximately caused her death. Therefore, we reverse and remand as to the misrepresentation claims arising from the alleged promises to notify and to supply security guards and the statements concerning the presence of security guards.

VI.

Because the final statement on which the Estate seeks to base this claim--that there "was no history of significant crime or violence on or near the premises"--is an opinion, we affirm the district court's holding that that assertion fails to support a claim of fraudulent misrepresentation. See Piedmont Trust Bank v. Aetna Casualty & Surety Co., 210 Va. 396, 399, 171 S.E.2d 264, 267 (1969).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED

6